**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 17, 2020[*]
Decided September 2, 2020

*Before*

DIANE S. SYKES, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 20-1389

| | |
|---|---|
| JASON C. BURKETT,<br>      *Petitioner-Appellant*, | Appeal from the United States District<br>Court for the Southern District of Indiana,<br>Indianapolis Division. |
| *v.* | No. 1:19-cv-01081-JMS-DLP |
| MARK R. SEVIER,<br>      *Respondent-Appellee*. | Jane Magnus-Stinson,<br>*Chief Judge*. |

## O R D E R

A disciplinary hearing officer found Jason Burkett guilty of violating a prison
rule and sanctioned him with the loss of 30 days of good-time credit. Burkett petitioned
under 28 U.S.C. § 2254 for a writ of habeas corpus, alleging that the sanction violated his
due-process rights because there was no evidence that he broke the rule. The district

---

[*] We agreed to decide the case without oral argument because the briefs and
record adequately present the facts and legal arguments, and oral argument would not
significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

court denied the petition, concluding that some evidence supported the hearing officer's decision. We agree and affirm the judgment.

Every morning at Indiana's New Castle Correctional Facility where Burkett is imprisoned, correctional officers conduct a standing count of inmates. In June 2018 the prison circulated a memorandum explaining the procedure: Inmates must stand at the foot of their bunks to be counted, and after staff count everyone in a housing "pod," the inmates in that pod may sit or lie on their bunks but must remain on their bunks until the count of the whole facility is complete. After a pod's count is complete or "clear," inmates "may use the restroom one at a time per range"—meaning "one offender from upstairs and one offender from downstairs may get up and use the restroom." Once the officers finish counting all pods, they call the facility's clear count ("Signal 1000") to alert inmates that they may move freely again. The memo warned that inmates who violate the procedures would be disciplined for violating Indiana Department of Correction offense B-251: "Interfering with Counts." That provision prohibits "[f]ailing to stand count, being late for count, or interfering with the taking of the count." Burkett read the memo when it was circulated.

During a standing count one month later, Burkett stood at the foot of his bunk while two officers counted the inmates in his pod. The officers informed Burkett and other inmates that they could sit on their bunks and left the pod; according to Burkett, this meant that his pod's count was clear. So he went to the restroom (which was part of his immediate living area on the upstairs range of his pod) where three other inmates had already congregated. He brushed his teeth and returned to his bunk. A short time later, the officers announced the Signal 1000. Then a correctional officer filed a conduct report against Burkett, charging him with violating Department code B-251 by using the bathroom in his pod "before we got the … facility cleared."

A screening officer advised Burkett of the charge and provided him with copies of the conduct report and a notice of a disciplinary hearing. Burkett pleaded not guilty. In his defense he submitted witness statements from three other inmates in his pod, who each attested that the pod count (but not the facility count) had cleared before Burkett went to use the restroom. Burkett also requested a video recording of the incident, which the prison provided; it showed he walked to the restroom after the count began and brushed his teeth while three other inmates were present.

At his disciplinary hearing, Burkett testified that he used the restroom after the morning count "every day at the same time." After considering the conduct report, the statements from Burkett's witnesses, the video evidence, and the facility memo describing the standing-count procedure, the hearing officer concluded that Burkett had violated Department code B-251. The hearing officer sanctioned Burkett with 30 days of lost commissary and telephone privileges and a 30-day deprivation of good-time credit.

After exhausting the prison's administrative remedies, Burkett filed a petition under 28 U.S.C. § 2254 challenging the sufficiency of the evidence to find him guilty of violating Department code B-251. The district court denied the petition, concluding that because the evidence cut both ways, some evidence necessarily supported the disciplinary decision. The judge pointed to the officer's unambiguous statement in the conduct report that Burkett was in the bathroom with other inmates "before we got the … facility cleared." The judge also cited the facility memo informing inmates that once the pod count clears, only one inmate may use the restroom at a time and that all inmates must remain on their bunks until the Signal 1000 is called.

On appeal Burkett again argues that there is no evidence in the record that his conduct violated Department code B-251. He admits to using the restroom before the officers announced the Signal 1000 but urges that because neither the hearing officer nor the district court found that his restroom trip actually interfered with the officers' ability to conduct the count, he cannot be guilty of that offense.

Prisoners in Indiana may not be deprived of good-time credits without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016). To satisfy due process, a hearing officer's decision need only rest on "some evidence" logically supporting it. *Superintendent v. Hill*, 472 U.S. 445, 454 (1985); *Ellison*, 820 F.3d at 274. The "some evidence" standard requires only a modicum of evidence demonstrating that a decision to revoke good-time credits is not arbitrary. *Hill*, 472 U.S. at 455.

Even crediting Burkett's account—the officers cleared the count in his pod; he then went to brush his teeth; and shortly after he returned to his bunk, the guards called the Signal 1000—some evidence supports the hearing officer's decision. The facility memo states that once a pod's count clears, only one inmate at a time from each range in a pod may use the bathroom before the Signal 1000. It further warns that diverging from the count procedures is a violation of Department code B-251. At the time Burkett used the restroom in the living space of his range, three other inmates were already

there. That alone constitutes some evidence that Burkett was guilty of the conduct charged. *See Donelson v. Pfister*, 811 F.3d 911, 916 (7th Cir. 2016) (explaining that any evidence of petitioner's guilt satisfies the some-evidence standard). And despite Burkett's insistence to the contrary, it makes no difference whether his actions actually interfered with—i.e., caused a mistake in—the count. The facility memo defines interference as deviating from the procedures imposed to ensure an accurate count.

Burkett asserts, however, that failing to comply with the procedures set forth in the memo is not the same as violating Department code B-251 because the prison cannot promulgate a policy that conflicts with or supersedes the policies of the Department. *See* IND. CODE § 11-8-2-5(8). But the facility memo does neither; rather, it clarifies the prison's count procedures and gives notice of what will be considered a violation of the Department rule against interfering with the taking of counts. Burkett believes that "interference" should mean something other than what the prison's policy says, but that does not place the policy in conflict with the code. And Burkett points to no authority suggesting that a prison cannot adopt a policy informing inmates how it will enforce the Department's disciplinary rules. *See, e.g., Scruggs v. Jordan*, 485 F.3d 934, 940 (7th Cir. 2007) (finding no due-process violation when prison officials decided a Department rule against violence excluded the self-defense exception because "prisons must have broad discretion to implement rules assuring the safety of inmates and staff").

AFFIRMED